LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALBERTO VAZQUEZ,
ROGELIO RAMOS, and
FRANCISCO CORTE,
*on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class,*

                Plaintiffs,

                v.

FIG & OLIVE FOUNDERS LLC,
FIG & OLIVE USA INC.,
FIG & OLIVE HOLDING LLC,
FIG & OLIVE FIFTH AVENUE LLC
    d/b/a FIG & OLIVE FIFTH AVENUE,
FIG & OLIVE THIRTEEN STREET LLC
    d/b/a FIG & OLIVE MEATPACKING, and
FIG & OLIVE INC.
    d/b/a FIG & OLIVE UPTOWN,

                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiffs, ALBERTO VAZQUEZ, ROGELIO RAMOS, and FRANCISCO CORTE, (herein, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this class and collective action Complaint against Defendants, FIG & OLIVE FOUNDERS LLC, FIG & OLIVE USA INC., FIG & OLIVE

1

HOLDING LLC, FIG & OLIVE FIFTH AVENUE LLC d/b/a FIG & OLIVE FIFTH AVENUE, FIG & OLIVE THIRTEEN STREET LLC d/b/a FIG & OLIVE MEATPACKING, and FIG & OLIVE INC. d/b/a FIG & OLIVE UPTOWN (each individually "Defendant," and together, the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wage and overtime due to invalid tip credit, (2) illegal retention of gratuities, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wage and overtime due to invalid tip credit, (2) illegal retention of gratuities, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff ALBERTO VAZQUEZ is a resident of Queens County, New York.

6. Plaintiff ROGELIO RAMOS is a resident of Bronx County, New York.

7. Plaintiff FRANCISCO CORTE is a resident of Queens County, New York.

8. Defendants own and operate a chain of "Fig & Olive" stores throughout the United States. Specifically, Defendants own and operate the following New York City locations:

a. 10 East 52nd Street, New York, New York 10022 ("Fifth Avenue" location);

b. 420 West 13th Street, New York, New York 10014 ("Meatpacking" location); and

c. 808 Lexington Avenue, New York, New York 10065 ("Uptown" location) (together, the "Restaurants.").

Defendants own and operate the Restaurants through Defendants FIG & OLIVE FOUNDERS LLC, FIG & OLIVE USA INC., FIG & OLIVE HOLDING LLC. Specifically, the Restaurants are or were engaged in related activities, shared common ownership and had a common business purpose. The Restaurants are commonly owned through the common control of Defendants FIG & OLIVE FOUNDERS LLC, FIG & OLIVE USA INC., FIG & OLIVE HOLDING LLC. Defendants recruit for the Restaurants through a common webpage on their Fig & Olive website, at careers.figandolive.com, which lists positions for all nationwide Fig & Olive locations. Defendants jointly advertise their Restaurants on their webpage. In addition, some employees work interchangeably between the Restaurants.

9. Defendants operate the Restaurants through the following Defendants:

a. Defendant FIG & OLIVE FOUNDERS LLC is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business and an address for service of process located at 133 W 19th Street, Suite 300, New York, New York 10011.

  b. Defendant FIG & OLIVE USA INC. is a foreign business corporation organized under the laws of the State of Delaware, with a principal place of business and an address for service of process located at 133 W 19th Street, Suite 300, New York, New York 10011.

  c. Defendant FIG & OLIVE HOLDING LLC is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 133 W 19th Street, Suite 300, New York, New York 10011 and an address for service of process located at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

  d. Defendant FIG & OLIVE FIFTH AVENUE LLC d/b/a FIG & OLIVE FIFTH AVENUE is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 10 East 52nd Street, New York, New York 10022 and an address for service of process located at 133 W 19th Street, Suite 300, New York, New York 10011. Defendants operate their "Fifth Avenue" Fig & Olive location through Defendant FIG & OLIVE FIFTH AVENUE LLC.

  e. Defendant FIG & OLIVE THIRTEEN STREET LLC d/b/a FIG & OLIVE MEATPACKING is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business and an address for service of process located at 420 West 13th Street, New York, New York 10014. Defendants operate their "Meatpacking" Fig & Olive location through Defendant FIG & OLIVE THIRTEEN STREET LLC.

  f. Defendant FIG & OLIVE INC. d/b/a FIG & OLIVE UPTOWN is a foreign business corporation organized under the laws of the State of Delaware, with a principal place of business located at 808 Lexington Avenue, New York, New York 10065 and an address for service of process located at 254 West 31st Street, 7th Floor, New York, New York 10001. Defendants operate their "Uptown" Fig & Olive location through Defendant FIG & OLIVE INC.

10. At all times, Defendants were and continue to be employers of Plaintiffs, FLSA Collective Plaintiffs and the Class within the meaning the of the FLSA and NYLL and the Regulations thereunder.

11. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

12. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees (including servers, bussers, food runners, and bartenders, among others) employed by Defendants on or after June 25, 2015 (the, "FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, due to an improperly deducted tip credit, and illegal retention of gratuities. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt tipped employees (including servers, bussers, food runners, and bartenders, among others) employed by Defendants at the Restaurant on or after June 25, 2015, as defined herein (the "Class Period").

17. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, (ii) illegally retaining

gratuities, (iii) failing to provide Class members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

20. With regard to Plaintiffs and the Class, Defendants failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiffs and the Class suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) illegally retained gratuities, (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, (v) subjected tipped employees to an invalid tip pool, and (vi) failed to accurately keep track of daily tips earned and maintain records thereof. Defendants illegally retained gratuities from banquet events by retaining charging a "gratuity" associated with banquet events without informing banquet and event customers that such fees did not constitute gratuities and would not be remitted to tipped employees.

21. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class members;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and the Class members for their work;

    d. Whether Defendants properly notified Plaintiffs and the Class members of their hourly rates and overtime rates;

    e. Whether Defendants paid Plaintiffs and Class members the proper overtime compensation under the New York Labor Law;

    f. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

    g. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

h. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

i. Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

j. Whether Defendants subjected tipped employees to an invalid tip pooling policy;

k. Whether Defendants retained or failed to remit gratuities to Plaintiffs and Class members for events;

l. Whether Defendants retained or failed to remit cash gratuities to Plaintiffs and Class members;

m. Whether Defendants provided proper wage statements informing tipped employees of the amount of tip credit taken for each payment period and information required to be provided on wage statements under the New York Labor Law;

n. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

o. Whether Defendants paid Plaintiffs and Class members the proper wage for all hours worked; and

p. Whether Defendants properly compensated Plaintiffs and Class members their proper overtime under state law.

## STATEMENT OF FACTS

26.   Plaintiff ALBERTO VAZQUEZ:

(a) In or around December 2013, Plaintiff VAZQUEZ was hired by Defendants to work as a busser at Defendants' Fig & Olive "Fifth Avenue" location, located at 10 East 52nd Street, New York, New York 10022. Plaintiff VAZQUEZ continues to work for Defendants.

(b) Throughout Plaintiff VAZQUEZ's employment with Defendants, Plaintiff VAZQUEZ was regularly scheduled to work from 11:30am to 9:30pm, for three (3) days per week, and from 10:00am to 2:30pm, for one day (1) day per week, for a total of approximately thirty-four and a half (34.5) hours per week.

(c) In 2015, Plaintiff VAZQUEZ was compensated at an hourly rate of $5.00 per hour, for all hours up to forty (40) hours per week. In 2016 and 2017, Plaintiff VAZQUEZ was compensated at an hourly rate of $7.50 per hour, for all hours up to forty (40) hours per week. Throughout Plaintiff's employment in 2018, Plaintiff VAZQUEZ was compensated at an hourly rate of approximately $8.75 per hour, for all hours up to forty (40) hours per week.

27.   Plaintiff ROGELIO RAMOS:

(a) In or around July 2013, was hired by Defendants to work as a busser at Defendants' Fig & Olive "Fifth Avenue" location, located at 10 East 52nd Street, New York, New York 10022. Plaintiff RAMOS continues to work for Defendants.

(b) Throughout Plaintiff RAMOS's employment with Defendants, Plaintiff RAMOS was regularly scheduled to work from 11:30am to 9:30pm, for three (3) days per week, and from 10:00am to 2:30pm, for one day (1) day per week, for a total of approximately thirty-four and a half (34.5) hours per week.

(c) In 2015, Plaintiff RAMOS was compensated at an hourly rate of $5.00 per hour, for all hours up to forty (40) hours per week. In 2016 and 2017, Plaintiff RAMOS was compensated at an hourly rate of $7.50 per hour, for all hours up to forty (40) hours per week. Throughout Plaintiff's employment in 2018, Plaintiff RAMOS was compensated at an hourly rate of approximately $8.75 per hour, for all hours up to forty (40) hours per week.

28. Plaintiff FRANCISCO CORTE:

(a) In or around January 2012, Plaintiff CORTE was hired by Defendants to work as a busser at Defendants' Fig and Olive "Fifth Avenue" location, located at 10 East 52nd Street, New York, New York 10022. Plaintiff CORTE continues to work for Defendants.

(b) Since 2015, Plaintiff CORTE was regularly scheduled to work from 11:15am to 9:30pm on Mondays and from 10:00am to 2:30pm on Thursdays, for a total of approximately fourteen and a half (14.5) hours per week.

(c) In 2015, Plaintiff CORTE was compensated at an hourly rate of $5.00 per hour, for all hours up to forty (40) hours per week. In 2016 and 2017, Plaintiff CORTE was compensated at an hourly rate of $7.50 per hour, for all hours up to forty (40) hours per week. Throughout Plaintiff's employment in 2018, Plaintiff CORTE was compensated at an hourly rate of approximately $8.70 per hour, for all hours up to forty (40) hours per week.

29. At all times, Plaintiffs, FLSA Collective Plaintiffs and the Class were paid below the minimum wage at an invalid "tip credit" minimum wage. Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except

pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) failed to accurately track daily tips earned or maintain records thereof, (vii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiffs and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL, and (ix) illegally retained gratuities.

30.     Plaintiffs, FLSA Collective Plaintiffs and the Class were required to engage more than 20% of their working time in non-tipped related activities. For all private banquets or events held at Defendants' Restaurants, Defendants require Plaintiffs, FLSA Collective Plaintiffs and Class members to set up the space for private events. This would take at least two hours each time prior to each event. In addition, after each event, Plaintiffs, FLSA Collective Plaintiffs and Class members would spend an additional one hour cleaning up the space after private events. At all times during these hours that they were setting up and cleaning up, Plaintiffs, FLSA Collective Plaintiffs and Class members were compensated at the tipped credit minimum wage rate. In addition, from November 2017 until May 2018, all porters were fired and bussers were required to perform porter duties, including taking out the trash, putting away supplies, and cleaning and maintaining the kitchen area. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

31. Defendants illegally retained gratuities at events by retaining all tips earned during events. A private dining administrative fee and separate gratuity fee are charged on bills for banquet event customers. The "gratuity" was purported to be gratuities for tipped employees, and banquet event customers were not informed that such fees and charges were not considered gratuity and would not be distributed to tipped employees. At all relevant times, Defendants never remitted the gratuities to Plaintiffs, FLSA Collective Plaintiffs and Class members. Furthermore, Defendants compensated Plaintiffs, FLSA Collective Plaintiffs and Class members at rates above the minimum wage rate during hours that they worked during the event in order to keep the banquet event gratuities. However, such gratuities must be remitted to Plaintiffs, FLSA Collective Plaintiffs and Class members regardless of whether Defendants claimed a tip credit as Defendants are not permitted to accept any gratuity.

32. Defendants further illegally retained gratuities by permitting managers to retain cash gratuities. At all times, Defendants maintained a policy of not recording cash tips, and therefore, such tips were kept by managers and not redistributed to Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, Defendants failed to maintain tips sheets and failed to inform Plaintiffs, FLSA Collective Plaintiffs and Class members of the tip pool and their respective tip pool contribution.

33. Defendants failed to provide Plaintiffs and the Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

34. Plaintiffs and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy

the requirements under the NYLL because the wage statements in 2018 did not clearly include tip credit allowance for each payment period.

35. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiffs, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

37. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

38. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this class and collective action Complaint as fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

43. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage and proper overtime premium to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

44. At all relevant times, Defendants had a policy and practice of illegally retaining gratuities.

45. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages,

illegally retained gratuities, plus an equal amount as liquidated damages.

49. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

50. Plaintiffs reallege and reaver Paragraphs 1 through 49 of this class and collective action Complaint as fully set forth herein.

51. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

53. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance not included in wage statements to tipped employees for each payment period in 2018.

54. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

55. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages, illegally retained gratuities, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages,

statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the New York Labor Law, including those due to an invalid tip credit;

d. An award of damages representing Defendants' illegal retention of gratuities;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

g. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiffs as Representatives of the Class; and

    k.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: December 17, 2018

                              Respectfully submitted,

                    By:  */s/ C.K. Lee*
                            C.K. Lee, Esq.

                            LEE LITIGATION GROUP, PLLC
                            C.K. Lee (CL 4086)
                            Anne Seelig (AS 3976)
                            30 East 39th Street, Second Floor
                            New York, NY 10016
                            Tel.: 212-465-1188
                            Fax: 212-465-1181
                            *Attorneys for Plaintiffs,*
                            *FLSA Collective Plaintiffs and the Class*