# Lee Litigation Group, PLLC
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212) 465-1188
　　　　　　　　　cklee@leelitigation.com

　　　　　　　　　　　　　　　　　　　　　　　　　　　　November 12, 2019

**<u>VIA ECF</u>**
The Honorable George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

　　　　　　Re:　　*Vazquez et al v. Fig & Olive Founders LLC et al*
　　　　　　　　　<u>Case No. 18-cv-11846-GBD</u>

Dear Judge Daniels:

　　We are counsel to Plaintiffs and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

　　The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

In this matter, the parties have reached a settlement of $130,000 for Plaintiffs' wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiffs' Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $130,000, of which $84,000 is being allocated to Plaintiffs. Specifically, Plaintiffs Alberto Vazquez, Rogelio Ramos, Francisco Corte, Fabian Fructuoso, Adan Gonzalez, Uriel Galindo, and Jorge Gregorio are each receiving $12,000. Attached hereto are the following exhibits:

  i. **Exhibit B** are Plaintiff Alberto Vazquez's damage calculations for his alleged unpaid compensation, calculated to be $21,847.13 in alleged back wages (54.9% recovery).
  ii. **Exhibit C** are Plaintiff Rogelio Ramos's damage calculations for his alleged unpaid compensation, calculated to be $22,984.20 in alleged back wages (52.2% recovery).
  iii. **Exhibit D** are Plaintiff Francisco Corte's damage calculations for his alleged unpaid compensation, calculated to be $9,378.79 in alleged back wages (100% recovery plus partial liquidated damages).
  iv. **Exhibit E** are Plaintiff Fabian Fructuoso's damage calculations for his alleged unpaid compensation, calculated to be $25,022.52 in alleged back wages (48.0% recovery).
  v. **Exhibit F** are Plaintiff Adan Gonzalez's damage calculations for his alleged unpaid compensation, calculated to be $12,459.60 in alleged back wages (96.3% recovery).
  vi. **Exhibit G** are Plaintiff Uriel Galindo's damage calculations for his alleged unpaid compensation, calculated to be $10,950.30 in alleged back wages (100% recovery plus partial liquidated damages).
  vii. **Exhibit H** are Plaintiff Jorge Gregorio's damage calculations for his alleged unpaid compensation, calculated to be $18,381.94 in alleged back wages (65.3% recovery).

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs are entirely correct. Therefore, they are a best-case scenario. Defendants contest the facts alleged by Plaintiffs and contend that Plaintiffs worked significantly less and are owed less, if anything, and have provided to Plaintiffs thousands of pages of records, which Defendants believe establish that they have no liability. Nevertheless, Defendants have agreed to a portion of Plaintiffs' alleged back wages to resolve this matter. If Defendants were to succeed at trial in establishing that Plaintiffs were correctly compensated for their hours, or that they worked less hours than alleged, Plaintiffs' damages would be significantly reduced, and they would run the risk of obtaining less than the payment they are receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiffs wish to avoid the risk of further litigating their claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA. Defendants strongly contend that Plaintiffs were compensated for all hours worked; however, Defendants faced anticipated burdens and litigation expenses in establishing their respective defenses. Thus, Plaintiffs believes the amount of $130,000 is a fair result, obtaining all of their alleged back wages while

eliminating the risks of trial. Further litigation would be highly risky to Plaintiff as they would face the possibility of receiving a smaller amount than what is allocated to them in the settlement.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced wage and hour counsel during the litigation and settlement process. In addition, the parties reached the settlement during a mediation overseen by a court-appointed mediator. During the litigation and settlement process, there was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement at mediation in which Plaintiffs would receive recovery of a portion of their alleged back wages and eliminating the burdens and costs of trial. The Arm's length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherit risks and costs of litigation.

**The Attorneys' Fees are Fair and Reasonable**

Of the $130,000 settlement amount, $46,000 is allocated to attorneys' fees and costs, including $808.22 in costs. The legal fees of $45,191.78 equal 34.8% of the settlement amount, just over one-third, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiffs' counsel's fees of $45,191.78 are fair and reasonable given the time spent by Plaintiffs' counsel. Such work by includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, reviewing Defendants' answer, preparing a Motion to Certify Class, preparing for and attending an initial conference, preparing Plaintiff's discovery requests, reviewing Defendants' substantial discovery production, preparing for and attending a mediation, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, correspondence with the mediator, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.


Respectfully submitted,

  */s/ C.K. Lee*
C.K. Lee, Esq.

Encl.