# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is hereby entered into by and between ALBERTO VAZQUEZ, ROGELIO RAMOS, FRANCISCO CORTE, FABIAN FRUCTUOSO, ADAN GONZALEZ, URIEL GALINDO, and JORGE GREGORIO (collectively, "Plaintiffs") and FIG & OLIVE FOUNDERS LLC, FIG & OLIVE USA INC., FIG & OLIVE HOLDING LLC, FIG & OLIVE FIFTH AVENUE LLC d/b/a FIG & OLIVE FIFTH AVENUE, FIG & OLIVE THIRTEEN STREET LLC d/b/a FIG & OLIVE MEATPACKING, and FIG & OLIVE INC. d/b/a FIG & OLIVE UPTOWN (collectively, "Defendants") (Plaintiffs and the Defendants each referred to herein individually as a "Party," and jointly as the "Parties"). The Parties recite, agree, and provide as follows:

### RECITALS

**WHEREAS**, on or about December 17, 2018, Plaintiffs, who are represented by counsel, filed an action (the "Action") against Defendants, alleging, *inter alia*, that Defendants failed to pay them certain wages due in connection with services they performed on their behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 18-cv-11846-GBD;

**WHEREAS**, Defendants answered the Complaint in this Action on March 4, 2019, and denied and continue to deny any and all liability and/or wrongdoing with respect to all of Plaintiffs' claims;

**WHEREAS**, no court has considered or made a determination on the claims presented; and

**WHEREAS**, the Parties desire to settle, fully and finally, all wage and hour claims that Plaintiffs had, have, or may have against Defendants, and any of the Releasees (as hereinafter defined), including but not limited to those claims embodied in the Complaint, wage and hour claims and issues that relate to conduct or events occurring at any time prior to and including the date on which this Agreement is executed, without further litigation and without any finding of fact or admission of liability, pursuant to the terms of this Agreement;

**NOW, THEREFORE**, in consideration of the foregoing, and in consideration of the mutual covenants, warranties, and promises set forth below, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

### AGREEMENT

1. <u>Consideration.</u>

The Parties are entering into this Agreement in exchange for good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged.

2. <u>Effective Date.</u>

The "Effective Date" of this Agreement is upon approval of this Agreement by the Court and the dismissal of this Action with prejudice.

3. <u>Releasees.</u>

Releasees shall include Fig & Olive Founders LLC, Fig & Olive USA Inc., Fig & Olive Holding LLC, Fig & Olive Fifth Avenue LLC d/b/a Fig & Olive Fifth Avenue, Fig & Olive Thirteen Street LLC d/b/a Fig & Olive Meatpacking, and Fig & Olive Inc. d/b/a Fig & Olive Uptown and their current and past respective affiliates and subsidiaries (as identified in **Exhibit A**), divisions, agents, and related parties and each of their respective principals, owners (direct or indirect), partners, proprietors, members, managing members, principals, members of their governing boards, shareholders, directors, officers, insurers, agents, servants, residents, employees, parties, managing agents, and attorneys and other professionals, each solely in their capacity as such, as well as each of their respective predecessors, successors and assigns.

4. <u>Non-Admission of Liability.</u>

This Agreement and compliance with it shall not be construed as an admission by any of the Releasees of any liability whatsoever, or of any violation of any of Plaintiffs' rights or any statute, law, ordinance, regulation, rule, duty, contract, right, or order, or that any of the Releasees are subject to any particular statute, law, ordinance, regulation, rule, duty, contract, right, or order. Defendants, in their corporate and individual capacities, deny violating any rights of Plaintiffs based on federal, state or local law pertaining to employment or on any other bases, including but not limited to, those relative to the disputes related to Defendants' liability for minimum wage, overtime compensation and/or any amount, if found liable, and disputes related to claims as to other violations of law alleged by Plaintiffs, such as record keeping, wage notices and whether there was bad faith and/or willfulness, with respect to which Defendants dispute all of Plaintiffs' claims of liability. Accordingly, this Agreement is a reasonable compromise by the Parties of the disputed claims accompanied by several protections for the Plaintiffs as set forth herein, and a discharge of rights limited to wage and hour claims, but, as such, is not an admission by any Party as to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from any breach hereunder.

5. <u>Procedure.</u>

Subject to Defendants' review of and consent to the motion for judicial approval of the settlement prepared by Plaintiffs' counsel, Plaintiffs will submit this Agreement to the Court for the Court's consideration and approval. Any judicial order to terminate the case or close out the lawsuit shall be deemed judicial approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6. <u>Settlement Compensation.</u>

    6.1. In complete settlement of any and all wage and hour claims for actual, compensatory, punitive, or other damages, as well as attorney's fees and

costs Plaintiffs may have had, have or may have, against Defendants and in consideration of (i) the releases given by the Parties as described herein *infra,* and (ii) the dismissal of the Action with prejudice with respect to the Plaintiffs as against all of Defendants hereunder, Defendants shall pay the total sum of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00) (the "Settlement Amount") upon full execution of this Agreement, allocated as follows:

6.1.1 Alberto Vasquez will receive the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), in full satisfaction of all claims Plaintiff Alberto Vasquez may have for alleged lost wages, non-economic damages, and other compensatory damages, to be reported on IRS Form 1099.

6.1.2 Rogelio Ramos will receive the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), in full satisfaction of all claims Plaintiff Rogelio Ramos may have for alleged lost wages, non-economic damages, and other compensatory damages, to be reported on IRS Form 1099.

6.1.3 Francisco Corte will receive the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), in full satisfaction of all claims Plaintiff Francisco Corte may have for alleged lost wages, non-economic damages, and other compensatory damages, to be reported on IRS Form 1099.

6.1.4 Fabian Fructuoso will receive the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), in full satisfaction of all claims Plaintiff Fabian Fructuoso may have for alleged lost wages, non-economic damages, and other compensatory damages, to be reported on IRS Form 1099.

6.1.5 Adan Gonzalez will receive the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), in full satisfaction of all claims Plaintiff Adan Gonzalez may have for alleged lost wages, non-economic damages, and other compensatory damages, to be reported on IRS Form 1099.

6.1.6 Uriel Galindo will receive the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), in full satisfaction of all claims Plaintiff Uriel Galindo may have for alleged lost wages, non-economic damages, and other compensatory damages, to be reported on IRS Form 1099.

6.1.7 Jorge Gregorio will receive the amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), in full satisfaction of all claims Plaintiff Jorge Gregorio may have for alleged lost wages, non-

        economic damages, and other compensatory damages, to be reported on IRS Form 1099.

    6.1.8    Lee Litigation Group, PLLC will receive the amount of Forty-Six Thousand Dollars and Zero Cents ($46,000.00), in full satisfaction of all claims Plaintiffs may have for attorney's fees and expenses, to be reported on IRS Form 1099.

6.2    Upon full execution of this Agreement, Plaintiffs' counsel having provided executed IRS Forms W-9 for Lee Litigation Group, PLLC and Plaintiffs to Defendants, Defendants shall deliver to Lee Litigation Group, PLLC, 148 W. 24th Street, Eighth Floor, New York, NY 10011, a check payable to Lee Litigation Group, PLLC for the amount under Paragraph 6.1, to be held in escrow by Lee Litigation Group, PLLC, pending the Court's dismissal of the Action and approval of this Agreement. If this Agreement is not approved by the Court or the Action is not dismissed, Plaintiffs' counsel agrees to destroy the checks and/or return any monies already deposited in the escrow account of Lee Litigation Group, PLLC.

6.3    Plaintiffs' counsel and Plaintiffs will execute an IRS W-9 Form. Defendants must receive the fully and properly executed IRS Forms before the Settlement Amount will be provided to Lee Litigation Group, PLLC.

6.4    The Parties acknowledge and agree that (i) the Parties are providing no tax, accounting, or legal advice to each other, and make no representations regarding any tax obligations or tax consequences relating to or arising from this Agreement; and (ii) each party shall be solely responsible for all of its tax obligations, including, without limitation, all federal, state, and local taxes. The validity of this Agreement shall not be affected in any way by any tax liability the Parties may have with respect to the payments set forth in this Agreement.

7.    <u>Release by Plaintiff.</u>

In consideration of the Defendants' undertakings contained in this Agreement, to which Plaintiffs are not otherwise entitled, to the greatest extent permitted under applicable law, Plaintiffs for themselves, their heirs, executors, administrators, and assigns hereby release the Releasees from, or in respect of, any and all wage and hour: claims, complaints, liabilities, obligations, promises, agreements, damages, actions and expenses (including attorney's fees and costs) relating to or arising out of Plaintiffs' employment under or work for Defendants, which Plaintiffs now have or claim to have against the Releasees jointly, severally or singly, in both their representative or official capacities, from the beginning of time to the date of this Agreement, including, without limitation, claims relating to the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, and New York City Earned Safe and Sick Time Act, including claims for any unpaid salary or wages, overtime, compensation or wages.

8. <u>Limitations on the Releases.</u>

For the avoidance of doubt, the Release by Plaintiffs in Paragraph 7 (the "Release") is limited by the following:

a) The Release does not release the Parties from obligations under this Agreement. A Party may bring a claim for breach of this Agreement.

b) The Release does not affect any claims arising after the Effective Date of this Agreement.

c) The Release does not release any claims which may not be released under law.

9. <u>Knowing and Voluntary Release of Claims.</u>

By signing this Agreement, Plaintiffs acknowledge and agree that they:

a) have carefully reviewed this Agreement and fully understand its meaning;

b) are hereby being advised to consult with an attorney before signing this Agreement, and that they have in fact consulted with their counsel and/or other advisors of their own choosing regarding this Agreement;

c) have had the opportunity to consider their advice with respect to the foregoing and following Agreement;

d) have knowingly and voluntarily chosen to enter into this Agreement with the intent of being legally bound by it, and have not been forced or pressured in any way to sign it;

e) have not relied upon any representation, statement, or omission made by any Releasee, or any Releasee's agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those expressly stated in this Agreement; and

f) have elected to enter into this Agreement and release the Releasees from any and all claims they may have in exchange for consideration which is in addition to anything of value to which they are already entitled.

10. <u>No Disparagement.</u>

10.1 The Parties agree that, except as compelled by legal process or otherwise required by law, they will not make any statements, or encourage others to make any statement verbally, or in writing, that is intended to cast the other Party in a negative light or to damage the Parties' reputations, business operations, business relationships, or present or future business. For the purpose of this Paragraph, the Parties shall include Plaintiffs and the

        members of Defendants and their Board of Managers. A breach of this provision of this Agreement by any Partyshall be deemed a material violation of this Agreement.

    10.2    A breach of this provision shall not relieve any party of their obligations under any other provision of this Agreement.

11.    No Claims Filed.

Plaintiffs represent to Defendants, that other than the Action, there are no pending matters, claims, charges, proceedings, complaints, or actions against or with respect to any of the Defendants based on the facts and circumstances surrounding Plaintiffs' employment with Defendants, or application for employment or separation from employment by Defendants, filed or submitted by Plaintiffs or with their knowledge, or on their behalf with any federal, state, or local court, department, administrative or other agency. If any federal, state, or local court, department, administrative, or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Plaintiffs shall, if requested by counsel for any of Defendants, immediately cooperate (within the bounds of the law) in such counsel's efforts to take all action necessary to cause said agency or entity to terminate such proceeding without liability to Defendant(s). Plaintiffs further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have, had or may have against any of Defendants.

12.    No Assist.

Plaintiffs represent and agree that Plaintiffs shall not voluntarily take any action to support, encourage, or participate in any action or attempted action which names, or may in any way damage the reputation of the Releasees. If Plaintiffs are ordered or subpoenaed by order of a court of competent jurisdiction or a local, state, or federal governmental agency, in connection with a lawsuit or proceeding which refers or relates to Releasees, Plaintiffs are not barred from revealing factual information Plaintiffs may be asked, but may not volunteer in any way to participate in any such lawsuit or proceeding. It is understood and agreed that notice of receipt by Plaintiffs of any such judicial or agency order, inquiry, or subpoena shall immediately be communicated by Plaintiffs to counsel for Defendants telephonically, and then confirmed immediately thereafter by email, so that Defendants will have an opportunity to intervene to assert what rights they may have to non-disclosure prior to responses to said order, inquiry or subpoena.

Notwithstanding anything contained in the foregoing, and for the avoidance of doubt, nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before local, state, or federal governmental administrative agencies, including but not limited to the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state, or local laws. However, to the maximum extent permitted by law, Plaintiffs agree that if an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

Plaintiffs represent and warrant that Plaintiffs are not aware of any other former employees or independent contractors of Defendants or Releasees, that intend to, are in the process of, or are considering asserting any legal claims against Defendants or Releasees, of any nature whatsoever.

13. <u>Prevailing Party Fees.</u>

In the event of any litigation to enforce or regarding a breach of the terms of this Agreement and one party is found to have breached a term(s) of this Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

14. <u>Joint Drafting.</u>

Each of the Parties has had the opportunity to participate in the drafting and preparation of the final language of this Agreement and has been advised, or had the opportunity to be advised, by their attorneys, regarding the terms, effects, and consequences of this Agreement. Accordingly, in the construction to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by or on behalf of one or more of each of the Parties. The Agreement shall be construed mutually and not applied in favor of or against any particular party.

15. <u>Jurisdiction.</u>

The substantive laws of the State of New York shall govern the validity, construction, enforcement, and interpretation of this Agreement, and venue for any dispute between the Parties shall be the United States District Court for the Southern District of New York ("District Court"). If the District Court should refuse or decline to accept jurisdiction over the Agreement or the enforcement of same for any reason, the Parties agree that an action to enforce this Agreement may be filed in the Civil Court of the City of New York, County of New York or New York State Supreme Court, County of New York (depending on monetary value), and this provision shall be treated as a valid venue selection provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason. The Parties agree that a judgment may be entered in any such state court pursuant to CPLR § 3215(i) with the same force and effect as if this Agreement were a stipulation resolving an action originally commenced in such state court, and Defendants had defaulted thereon.

16. <u>Submission to the Court and Reasonable Cooperation.</u>

The Parties agree that they will submit to the Court this Agreement for its approval and the dismissal of the Action and that the Agreement is not effective until and unless the Court approves it and dismisses the Action. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval to this Agreement and all of its terms. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

17. <u>Savings Clause.</u>

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement.

18. <u>Entire Agreement.</u>

The terms of this Agreement represent the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' claims against the Releasees, and this Agreement supersedes all prior agreements or understandings, written or oral, between them on such matters. Nothing may be changed or modified except by a written instrument signed by Plaintiffs and Defendants.

19. <u>Strict Compliance.</u>

The failure of any party to insist upon strict compliance with any provision of this Agreement, or the failure to assert any right any party may have hereunder, shall not be deemed to be a waiver of such provision or right or any other provision or right of this Agreement.

20. <u>Attorney's Fees.</u>

The Parties agree that no party shall be considered the prevailing party herein and, notwithstanding the Settlement Amount, they waive any and all claims for attorneys' fees, disbursements, costs, and expenses incurred in the Action or otherwise, and each Party shall bear their own attorneys' fees.

21. <u>Headings.</u>

The headings are provided for the convenience of the Parties only and are not part of this Agreement and shall not be deemed in any manner to modify, explain, expand, or restrict any of the provisions of this Agreement.

22. <u>Destruction of Documents.</u>

Over the course of the Action, Defendants provided to Plaintiff confidential documents. Except as otherwise required by law or Plaintiffs' counsel's ethical obligations, within 20 (twenty) days of the Effective Date, Plaintiffs agree to destroy or return any documents provided to them by Defendants.

23. <u>Execution.</u>

This Agreement may be executed electronically and/or in counterparts by each party. Facsimile, PDF or other electronic counterparts will be considered one and the same instrument, and each executed Agreement, when taken together, shall constitute a complete Agreement.

*[Rest of Page Left Intentionally Blank]*

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

Plaintiffs certify as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

**Alberto Vazquez**
Date: 10/4/19

**Rogelio Ramos**
Date: 10/4/19

**Francisco Corte**
Date: October 7, 2019

**Fabian Fructuoso**
Date: 10/7/19

**Adan Gonzalez**
Date: 10/4/19

**Uriel Galindo**
Date: 10/4/19

**Jorge Gregorio**
Date: 10/7/19

**Fig & Olive Founders LLC**

By: /s/ Laura Tribuno
Name: LAURA TRIBUNO
Title: PRESIDENT
Date: 11/11/19

**Fig & Olive USA Inc.**

By: /s/ Laura Tribuno
Name: LAURA TRIBUNO
Title: PRESIDENT
Date: 11/11/19

**Fig & Olive Holding LLC**

By: /s/ Laura Tribuno
Name: LAURA TRIBUNO
Title: PRESIDENT
Date: 11/11/19

**Fig & Olive Fifth Avenue LLC**

By: /s/ Laura Tribuno
Name: LAURA TRIBUNO
Title: PRESIDENT
Date: 11/11/19

**Fig & Olive Thirteen Street LLC**

By: /s/ Laura Tribuno
Name: LAURA TRIBUNO
Title: PRESIDENT
Date: 11/11/19

**Fig & Olive Inc.**

By: /s/ Laura Tribuno
Name: LAURA TRIBUNO
Title: PRESIDENT
Date: 11/11/19

- 10 -